UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TERRENCE MITCHELL, <br><br> Plaintiff, <br><br> v. <br><br> COSTELLO SURY & ROONEY, P.C. and MC PROPERTY MANAGEMENT CORP., <br><br> Defendants. | No. 25 CV 2801 <br><br> Judge Manish S. Shah |

MEMORANDUM OPINION AND ORDER

In an earlier order, I granted defendant Costello Sury & Rooney's motion for judgment on the pleadings and defendant MC Property Management Corp.'s motion to dismiss plaintiff Terrence Mitchell's claims. Mitchell moves for reconsideration. For the reasons discussed below, the motion is denied.

I. **Legal Standard**

Granting a motion under Rule 59(e) is extraordinary relief, appropriate when a moving party clearly establishes that the court committed a manifest error—factual or legal—or that newly discovered evidence precluded entry of judgment.[1] *Vesey v. Envoy Air, Inc.*, 999 F.3d 456, 463 (7th Cir. 2021) (quoting *Gonzalez-Koeneke v. West*,

---

[1] Mitchell does not specify under which rule he seeks reconsideration. "The important question for categorizing [post-judgment] motions is their timing." *Carter v. City of Alton*, 922 F.3d 824, 826 n.1 (7th Cir. 2019). Because Mitchell's motion was filed within 28 days of the entry of judgment, I treat the motion as one to alter or amend the judgment under Rule 59(e). *Id.*

1

791 F.3d 801, 807 (7th Cir. 2015)) (citing *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013)). A manifest error "is not demonstrated by the disappointment of the losing party," instead, it is the "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citation omitted). A motion for reconsideration "does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *A&C Constr. & Installation, Co. WLL v. Zurich Am. Ins. Co.*, 963 F.3d 705, 709 (7th Cir. 2020) (quoting *Bordelon v. Chicago Sch. Reform Bd. of Trs.*, 233 F.3d 524, 529 (7th Cir. 2000)).

## II. Analysis

I assume familiarity with the earlier order and opinion dismissing and entering judgment on Mitchell's claims for violations of the Fair Debt Collection Practices Act, the Illinois Consumer Fraud Act, and unjust enrichment. [37].[2] Mitchell argues, as he did in response to defendants' motion to dismiss and motion for judgment on the pleadings, that the $125 "unit owner expense" was not authorized by the condominium's declaration. Mitchell merely restates the arguments he made in his response to defendants' initial motions. For that reason alone, his motion should be denied. *A&C Constr. & Installation*, 963 F.3d at 709.

But even on the merits, Mitchell's motion is denied. Mitchell argues that my conclusion was erroneous because non-attorney management company collection fees

---

[2] Bracketed numbers refer to entries on the district court docket.

are not "other fees and expenses" and that non-attorney fees must be "specifically stated" in the declaration. [39] ¶ 4. He says that specificity requires an "express reference to non-management collection fees, not a general reference to 'other fees and expenses.'" [39] ¶ 10.

Mitchell cites *J.B. Esker & Sons, Inc. v. Cle-Pa's P'ship*, 325 Ill.App.3d 276 (5th Dist. 2001), in support of his motion. But that case supports my earlier decision. The question in *J.B. Esker & Sons* was whether "expenses" included expert witness fees, even where the term "expert witness fees" did not appear in the contract. *Id.* at 285. The Illinois court held that "[i]n a contract calling for a client to reimburse the attorney for the 'expenses' of litigation, the expenses that a client is responsible for are those which are reasonably necessary for the attorney to perform the job of representing his client." *Id.* at 287–88. That includes expert witness fees, even where the expert does not testify, because the costs were "clearly foreseeable" and "reasonably necessary to prepare for trial." *Id.*

The condominium's declaration allows for "the costs of [a suit to enforce collection], and other fees and expenses together with legal interest and reasonable attorneys' fees to be fixed by the Court." [23] at 32. Mitchell argues that the maxim noscitur a sociis shows that a non-attorney management company fee does not fall under the declaration's allowed fees. Though the declaration does not explicitly say "non-attorney management company collection fees," the list of expenses are all related to costs incurred in bringing an eviction complaint. For Costello Sury & Rooney to bring a debt collection action, it needed access to Mitchell's file. That access

3

included a fee for the property management company to turn the file over to the firm. This is precisely the sort of expense reasonably necessary for Costello Sury & Rooney to perform the job of representing the condominium association. *J.B. Esker & Sons*, 325 Ill.App.3d at 287–88.

Mitchell says that the specificity requirement is not confined to attorney's fees but also includes other fees, like "litigation expenses," the "costs of litigation," or the "ordinary expenses of litigation." [39] ¶ 12. But I never said that other fees are not required to be specifically stated in the declaration. In fact, I held that "[t]he declaration specifically authorizes adding other fees and expenses onto the amounts due when the condo association brings suit to enforce collection of amounts due." [37] at 7. Because I found that the declaration specifically stated that fees and expenses connected with a collection action are allowed, the fee for MC Property Management to turn over Mitchell's file to Costello Sury & Rooney was covered under the condominium declaration.

Finally, Mitchell argues that the legislative purpose of the Illinois Condominium Property Act was to obtain condominium owners' consent to management company fees, and if the general authorizations in existing condominium declarations were sufficient, there would be no need to pass the Act. He quotes State Senator Cullerton's comments during the third reading of the bill about why the bill was introduced. But it is not clear that the circumstances here reflect the problem laid out in Cullerton's statement—he said that during an action to recover from a defaulting owner, "some management companies that are hired by the

4

association have been tacking on unreasonable fees." *3d Reading on Senate Bill 764*, 94th Gen. Assemb., Reg. Sess. 323 (Ill. Apr. 14, 2005) (statement of Ill. State Sen. John Cullerton). Cullerton made no mention of declarations and did not say that existing declarations were insufficient to protect condo owners' interests. The legislative purpose Mitchell proposes—to ensure condominium owners consent to additional fees—would be fulfilled by a declaration allowing for the fees. The legislation would also bar management companies from adding on fees in the absence of any declaration language allowing extra fees or expenses, for example, if the declaration only allows for attorneys' fees. Cullerton's comments during the third reading of the bill do not undermine my decision.

The condominium declaration allows for fees and expenses along with the costs of bringing a collection action. The unit owner expense relates directly to the collection action. Because the declaration specifically states additional fees are authorized, there was no violation of the Condominium Property Act, and no violation of the Illinois Consumer Fraud Act or the Fair Debt Collection Practices Act.

## IV. Conclusion

Mitchell's motion to reconsider, [39], is denied.

ENTER:

                                                                      Manish S. Shah
                                                                      United States District Judge

Date: January 8, 2026